IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                                 No. 12-10089-03-JTM

GONZALO RAMIREZ,
         Defendant.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Gonzalo Ramirez's Motion for Trial Transcripts (Dkt. 1331) and Motion to Hold the 2255 Proceedings in Abeyance (Dkt. 1332) until such time as he can review the transcripts and prepare his final brief in support of his motion to amend (Dkt. 1302). The Court will grant defendant additional time to file his brief, but declines to grant defendant's request concerning trial transcripts or to otherwise stay these proceedings.

Defendant's motions amount to a third request for an extension of time to file his last brief. Defendant's first and second requests for an extension of time were granted on September 18, 2018 and October 25, 2018, respectively, based upon defendant's assertion that he could not timely complete his brief because of problems accessing the library facilities where he is housed. (*See* Dkt. 1316, 1328). Nowhere in either of those requests did defendant indicate the delay in filing his brief was caused by his inability to review the trial transcripts. If defendant found the lack of transcripts to be prohibitive of his motion practice he had ample opportunity to address that issue before this late stage of the proceedings.

1

In fact, the Court's review of the case shows that defendant has already had an opportunity to obtain a copy of the trial transcripts. Defendant, through counsel, filed an appeal of his conviction to the Tenth Circuit Court of Appeals on February 21, 2014. (Dkt. 959). In conjunction with that appeal defendant's counsel submitted a transcript order form (Dkt. 973) requesting all trial transcripts in the matter. Those transcripts were then provided by the court reporter to defendant's counsel (*See* Dkt. 985-999, 1047 – 1054). Defendant's motions do not indicate whether he contacted his prior counsel to obtain a copy of the trial transcripts, although given the fact the transcripts had already been prepared and paid for that would have been the preferable course of action.

In the absence of defendant's ability to obtain the transcripts elsewhere, the question is whether the Court should order the government to provide another copy free of charge. Notwithstanding defendant's statement that he is a "pauper," (Dkt. 1331, at 2) he has no constitutional right to a free copy of the transcripts in this instance:

> … it is clear that a prisoner is not *constitutionally* entitled, as a matter of course and upon demand, to receive such transcripts free of charge after direct appeal. Although an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," the government is not constitutionally obligated to provide free transcripts to a prisoner post-appeal. On October 23, 1992, Mr. Groce, through appointed counsel, appealed his sentence; trial and sentencing transcripts were entered into the record on December 9, 1992, and his sentence was affirmed by the Seventh Circuit on September 3, 1993. Mr. Groce, then, could have exercised his constitutional right to receive free copies of such transcripts upon direct appeal of his sentence. Mr. Groce has not indicated to the Court whether he, through appointed counsel, exercised this right; however, it is clear that this right does not extend to requests to receive free copies of such transcripts post-appeal. Therefore, because Mr. Groce has not indicated good cause for his apparent failure to timely exercise such rights, he is not now constitutionally entitled to receive a copy of such transcripts free of cost.

*United States v. Groce*, 838 F. Supp. 411, 413–14 (E.D. Wis. 1993) (emphasis in original) (internal citations omitted).

Defendant similarly lacks a *statutory* right to receive copies of the transcripts. Defendant contends that he needs the transcripts because they will show that his trial counsel was "ineffective in failing to argue that the Government did not present one scintilla of evidence linking the Petitioner to the sales, possession or in a conspiracy to distribute any of the drugs allegedly distributed by the 'Nortenos.'" (Dkt. 1331, at 1). In comparison, Defendant's initial § 2255 motion to vacate was based upon defendant's claim that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant's subsequent motion to amend his §2255 motion to vacate was based upon his contention that the jury was improperly instructed on the definition of "crime of violence" pursuant to *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018). Even assuming for the sake of argument that the Court allows the amendment, defendant's § 2255 claims have nothing to do with the sufficiency of the evidence as presented in the trial transcripts.

The statutory provision relevant to defendant's request is 28 U.S.C. § 753(f), which states in part:

> …. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f) (2011). The court need not immediately address the merits of defendant's appeal because his request fails on the first fundamental requirement – other

3

than the self-declaration contained in his motion, defendant has not been determined to be a person entitled to proceed in forma pauperis in this matter. Nor has he shown the transcripts are necessary to decide the issues presented by his § 2255 motion in its original or amended form. As discussed above, defendant's § 2255 claims relate to discrete issues of fact or law concerning information disclosed by the prosecution and instructions given to the jury. Defendant has not alleged why a copy of the trial transcripts would be necessary to resolve either of those issues.

This Court finds no legal basis for defendant's request for an order requiring the government to provide copies of the trial transcripts to defendant free of cost, and consequently no good cause to stay these proceedings. Absent some further showing of extraordinary circumstances the Court declines to stay the proceedings or grant further extensions of time for defendant's reply brief beyond what is granted in this Order.

Defendant's Motion for Transcripts (Dkt. 1331) and Motion to Hold 2255 Proceedings in Abeyance (Dkt. 1332) are hereby DENIED. Defendant is ordered to file his reply to the government's response no later than February 18, 2019.

IT IS SO ORDERED.

Dated this 17th day of December 2018, in Wichita, Kansas.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT