IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                 Case No. 12-10089-3-JTM

GONZALO RAMIREZ,
        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's pro se "Motion to Stay Under United States v. Davis." (Dkt. 1380). Defendant contends that *United States v. Davis*, 139 S.Ct. 2319 (2019) and the Supreme Court's decisions in *United States v. Johnson*, 135 S.Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) allow him to challenge his convictions under 18 U.S.C. § 924(c) on constitutional grounds. Defendant's motion also indicates a belief that the Court's decision in *Davis* allows him to challenge the constitutionality of his other convictions.

Defendant previously filed a Motion to Vacate under 28 U.S.C. § 2255 which this court granted in part and denied on part on August 13, 2019. (Dkt. 1355). Specifically, the court vacated defendant's conviction of Count 9, which charged a violation of 18 U.S.C. § 924(c), and cited *Davis, Sessions,* and *Johnson* in its Memorandum and Order. Defendant has no other pending motions before this court which could be "stayed" per his request; consequently, to the extent that defendant's motion is a request for this court to "stay" decision on a motion, the motion would be moot.

To the extent that defendant seeks to challenge the constitutionality of his convictions on any other count of the Indictment against him, or to reiterate arguments on his § 924(c) convictions that were made in his prior motion to vacate, the court construes this as an improperly filed, successive 28 U.S.C. § 2255 motion. *See United States v. Baker,* 718 F.3d 1204, 1206 (10th Cir.

2013) ("A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion … if it asserts or reasserts claims of error in the prisoner's conviction.") (citing *United States v. Nelson,* 465 F.3d 1145, 1147 (10th Cir. 2006)). A movant is required seek authorization from the Tenth Circuit Court of Appeals before filing a second or successive 2255 motion in district court. 28 U.S.C. § 2244(b)(3). A successive 2255 motion must be certified by the Tenth Circuit to contain either newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense, or a new rule of constitutional law that is retroactive to cases on collateral review, which was not previously available. 28 U.S.C. § 2255(h)(1)-(2).

Ramirez has not obtained the proper certification from the Tenth Circuit to pursue a successive 2255 motion in this court. Further, because Ramirez's motion does not identify any newly discovered evidence that would clearly and convincingly establish his innocence, nor any new retroactive rule of constitutional law that was previously unavailable to him, the court will not exercise its discretion to transfer this matter to the Tenth Circuit. *See* 28 U.S.C. § 1631. Finally, because the court concludes that Ramirez's motion primarily reiterates arguments that were made in his previously-denied section 2255 motion, the court declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED this 19th day of June, 2020 that Ramirez's "Motion to Stay" is DISMISSED.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT