IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 12-10089-3-JWB
                                                  (Civ. Case No. 21-1140)

GONZALO RAMIREZ,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to vacate sentence under 28 U.S.C. § 2255. (Doc. 1418.) A review of the record shows that the motion is a second or successive § 2255 motion. *See* Doc. 1381 (denying Defendant's prior § 2255 motion as a second or successive motion.) As the court previously pointed out, Section 2255(h) provides in part that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. (Doc. 1381 at 2) (citing 28 U.S.C. § 2255(h)). Absent such authorization, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). Defendant has not obtained the proper certification from the Tenth Circuit.

In order to avoid a finding that this is a second or successive motion, Defendant has added a claim of actual innocence. (Doc. 1418.) Essentially, Defendant claims he is actually innocent of the § 924(c) counts because the Supreme Court struck down the residual clause in *United States v. Davis*, 139 S. Ct. 2319 (2019). Although not caged as actual innocence, Defendant has previously presented this argument under *Davis* in a prior § 2255 motion. (Doc. 1302.) That

1

motion resulted in the court vacating Defendant's conviction of count 9. (Doc. 1355.) The court denied Defendant's motion with respect to his challenges raised as to the remaining counts. Concerning the two remaining counts under § 924(c), the court determined that those convictions were not based on the residual clause. (Doc. 1355 at 9-11) (finding that those § 924(c) counts were based on convictions of murder and aggravated assault which both qualify as a crime of violence under the elements analysis). Defendant did not appeal that decision.

Reviewing Defendant's motion presently before the court, he presents the same arguments that have already been considered. Notably, with the exception of a few initial paragraphs on the first two pages, it appears that Defendant has copied his previous motion verbatim. (*Compare* Doc. 1302 at 2-6 *with* Doc. 1418 at 3-7.) This is now the third time that Defendant has attempted to challenge his convictions raising the same arguments. (*See* Docs. 1155, 1302, 1380.) Defendant's inclusion of the words "actual innocence" in his motion do not save it from being a second or successive § 2255.

The court concludes the motion is appropriately dismissed. *In re Cline,* 531 F.3d at 1252.

IT IS THEREFORE ORDERED that Defendant's motion to vacate sentence under § 2255 (Doc. 1418) is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED. Dated this 8th day of June, 2021.

                                               __s/ John W. Broomes_____
                                               JOHN W. BROOMES
                                               UNITED STATES DISTRICT JUDGE